UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID CHAVES,

    Plaintiff,

v.                                          Case No: 2:12-cv-593-FtM-38CM

ZIMMER, INC., ZIMMER
HOLDINGS, INC., ZIMMER
SURGICAL, INC.,
WILSON/PHILLIPS HOLDINGS,
INC., ORTHOPAEDIC
TECHNOLOGIES, LLC, K.
MICHAEL, ZIMMER
ORTHOBIOLOGICS, INC. and
ZIMMER US, INC.,

    Defendants.

## ORDER

Before the Court are Plaintiff's Motion to Extend Deadlines in Scheduling Order (Doc. 29), Plaintiff's Motion for Leave of Court to File Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion to Extend Deadlines in Scheduling Order (Doc. 31), Plaintiff's Amended Motion to Extend Deadlines in the Scheduling Order (Doc. 32) and Defendants responses in opposition (Docs. 30, 33). Defendant's also filed a Motion to Strike Unauthorized filing (Doc. 35). Plaintiff did not file any opposition to the motion to strike, and the time has expired for him to do so.

Plaintiff brought this action alleging that he had his first right knee revision and was implanted with the Zimmer NexGen knee replacement system designed, manufactured and sold by Defendants. Doc. 27 at 1, 4-5. Plaintiff alleges that the

knee replacement failed, and he suffered personal and economic injuries. *Id.* at 5. Plaintiff underwent a revision surgery with respect to the alleged defective device. *Id.* Plaintiff continued to suffer injuries as a result of the implantation and revision/explantation of the Zimmer NexGen device. *Id.* Plaintiff brought claims against Defendants for design defect, failure to warn, manufacturing defect, negligence, negligent misrepresentation, breach of express warranty, breach of implied warranty, redhibition, loss of consortium, violation of consumer protection statutes Fla. Stat. § 501.201 and Ky. Stat. § 367.170, unjust enrichment and punitive damages. *Id.* at 6-29.

Plaintiff seeks an extension to disclosure three experts: Dr. Albert H. Burstein, a biomechanical engineer, David F. Spigelman, an economist, and Dr. Herbert Bertram, an orthopedic surgeon. Doc. 29 at 1. The current deadline for Plaintiff to disclosure his experts was July 15, 2015. Doc. 20 at 1. Plaintiff's original motion to extend the deadlines in the scheduling order requests that the Court extend the deadline for Plaintiff to disclose his expert witnesses to November 15, 2015. Doc. 29 at 1. Plaintiff also requests that the Court extend Defendants' expert disclosures to December 15, 2015, the discovery deadline to February 15, 2016, and the deadline to file dispositive motions to March 15, 2016. Doc. 29 at 2. Plaintiff alleges that he has not obtained any product discovery from Defendants, and therefore, his experts cannot formulate an opinion at this time. *Id.* at 1. Plaintiff also contends that he has not been able to be in touch with his experts. *Id.* at 2.

Plaintiff states that good cause and excusable neglect exist, and Defendants will not be unduly prejudiced by granting the extension. *Id.*

Defendants respond that Plaintiff had almost 7 months from the date of the case management conference to conduct discovery, and he has failed to serve any written discovery or request any depositions. Doc. 30 at 2. Moreover, Defendants state that they timely served their expert reports, which were due on or before August 15, 2015. Docs. 30 at 2; 20 at 1. Defendants argue that Plaintiff failed to show good cause or excusable neglect for his failure to act within the prescribed period. Doc. 30 at 3, 5. Moreover, Defendants contend that they will be prejudiced because they have diligently conducted discovery and expended time and money securing two expert reports; and if Plaintiff is now permitted to issue his reports, Defendants will have to go back to its experts to have them issue new reports. *Id.* at 5.

Plaintiff subsequently filed a motion for leave to file reply to rebut Defendants' arguments and further establish good cause for the requested extension. Doc. 31 at 2. Rather than waiting for the Court to issue a ruling on Plaintiff's request to file a reply, the next day Plaintiff filed an amended motion to extend the deadlines in the scheduling order. Doc. 32. Plaintiff alleges that by filing an amended motion and notifying the Court that he had provided two out of three expert reports to Defendants, that his original motion now is moot as to those experts. Doc. 32 at 1. In the amended motion, Plaintiff seeks only to extend the deadline to disclose his experts to September 15, 2015, the date Plaintiff intended to serve Defendant with the report of his third and final expert. *Id.* at 3. Plaintiff no longer requests to

extend Defendant's expert disclosures, the discovery deadline or the dispositive motion deadline. Plaintiff again alleges that good cause and excusable neglect exist and that Defendants will not be unduly prejudiced by the granting of the extension. *Id.* at 2.

Defendants respond that Plaintiff's representations in his original motion -- that he had not obtained any product discovery from Defendant, discovery is at the beginning stages and Plaintiff's experts cannot formulate an opinion, and counsel for Plaintiff has not been in touch with his expert -- were disingenuous. Doc. 33 at 1-2. Defendants state that one week after Plaintiff filed his original motion, he served Defendants with one of his expert reports. *Id.* at 2. Then, two days later, Plaintiff served a second expert report. *Id.* Defendants allege that Plaintiff's quick ability to serve these expert reports disproves his argument for excusable neglect and that discovery needed to be taken in order for his experts to formulate their opinions. *Id.* Defendant argues that Plaintiff is not in possession of any more information now than he has had for the past 15 months, and this demonstrates that no good cause exists for failing to timely serve his expert reports. *Id.* at 3. Defendants also argue that service of two of the three expert reports does not render Plaintiff's original motion moot with respect to those disclosures because Plaintiff must still demonstrate excusable neglect for the missed deadline. *Id.* at 2. Defendants request that the Court deny Plaintiff's amended motion and strike the late reports of Plaintiff's experts. *Id.* at 3.

The standards for modification of deadlines are set forth in Rules 6 and 16, Fed. R. Civ. P. Rule 6 requires a showing of excusable neglect when a party files a motion after the time for filing such motion has expired. Fed. R. Civ. P. 6(b)(1)(B). Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). Thus, a party must demonstrate both good cause and excusable neglect for filing an untimely motion. *Estate of Miller v. Thrifty Rent-A-Car Sys., Inc.*, 609 F. Supp. 2d 1235, 1252 (M.D. Fla. 2009). When evaluating whether a party has shown excusable neglect, the Court should consider "'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Advanced Estimating System, Inc. v. Riney*, 130 F.3d. 996, 997-98 (11th Cir. 1997) (quoting *Pioneer Investment Services v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 (1993)). Additionally, the Case Management and Scheduling Order (Doc. 20) issued by the district court states that "[t]he movant must show that the failure to complete discovery is not the result of lack of diligence in pursuing discovery." Doc. 20 at 4 (citing Local Rule 3.09(b)).

Here, although Plaintiff alleges that good cause and excusable neglect exist, Plaintiff fails to provide the Court with any facts to support that allegation. Docs. 29 at 2; 32 at 2. Plaintiff's arguments that discovery is at the beginning stages and that he does not have enough information for his experts to formulate opinions proved to be untrue because Plaintiff was able to produce two out of three expert reports

within less than two weeks of filing his original motion. Doc. 32 at 1-2. In Plaintiff's amended motion, Plaintiff fails to provide any grounds to show good cause or excusable neglect. Plaintiff simply states Defendants will not be unduly prejudiced by granting an extension. Doc. 32 at 2. Moreover, Plaintiff states that Defendants are in possession of all of the materials Plaintiff's experts relied upon in formulating their opinions. *Id.*

Defendants argue that Plaintiff has the responsibility to diligently prosecute his claims, and they will be prejudiced because they "will be forced to go back to its expert reports and issue new reports to rebut anything now being raised for the first time by Plaintiff." The Court, however, finds that based on the timing of the litigation, any prejudice suffered by Defendants is mitigated because the discovery deadline is January 4, 2016. Doc. 20 at 1. This allows Defendant plenty of time to supplement their expert reports and depose the experts Plaintiff untimely disclosed.

For the same reasons, the Court declines to grant Defendants' request to strike Plaintiff's expert reports. Rule 37 provides the court with discretion to impose sanctions for a party's failure to timely disclosure information or a witness as required by Rule 26(a) and (e). Fed. R. Civ. P. 37(c). "Witness preclusion is a harsh sanction that should be imposed sparingly…" *St. Cyr v. Flying J. Inc.*, 2007 WL 2936243 *4 (M.D. Fla. 2007) (citation omitted).

In *St. Cyr*, the defendant sought to strike the plaintiffs' expert's report based on untimely disclosure and other technical violations of the Federal Rules of Civil Procedure. *Id.* at *3. The defendant deposed one of plaintiffs' physicians. *Id.* At

the time of the deposition, the physician had not been identified as an expert and thus, the defendant did not have the expert report. *Id.* Over three months later and less than one month before trial, the plaintiffs designated the physician as an expert and provided the defendant with a copy of the expert's report. *Id.* at *2-4. The court stated, "[a]lthough this [c]ourt would be justified in striking [the expert's] report and disallowing [the expert's] testimony as request by Defendant, this [c]ourt declines to do so at this time." *Id.* at *4. Instead, in an effort to mitigate the prejudice to the defendant, the Court continued the trial, ordered the plaintiffs to provide the defendant with an amended expert report in full compliance with Rule 26(a)(2)(B) and allowed the defendant to re-depose plaintiffs' expert prior to trial. *Id.* at 2-4.

Here, although Plaintiff's expert disclosures were untimely, the Court does not find that striking Plaintiff's experts is warranted. Due to the nature of this case, striking Plaintiff's experts would be tantamount to granting judgment to Defendants. Rule 37(c), however, allows the Court to order payment of the reasonable expenses, including attorney's fees, caused by a party's failure to provide information or identify a witness as required by Rule 26(a) or (e). Fed. R. Civ. P. 37(c)(1)(A). To the extent Defendants incur additional expenses to have their experts issue new reports because of Plaintiff's failure to timely disclose their experts, the Court will entertain a motion from Defendants seeking reimbursement for those reasonable expenses. The Court also encourages the parties to confer and come to an agreement regarding

reimbursement for reasonable expenses incurred by Defendants over and above what Defendants would have incurred had Plaintiff's disclosures been timely.

Additionally, given the timing of the litigation, the parties still have over two months to conduct additional discovery. It does not appear that Defendants have deposed any of Plaintiff's experts; thus Defendants still will have the full benefit of the experts' reports for their depositions. In an effort to mitigate any prejudice to Defendants, the Court will extend Defendants' expert disclosures to **November 20, 2015**. Moreover, the Court will set a deadline of **December 4, 2015** for the parties to provide their rebuttal expert opinions.

Therefore, Plaintiff's Motion to Extend Deadlines and Scheduling Order (Doc. 31) and Motion for Leave of Court to File Reply (Doc. 31) are denied as moot. Plaintiff's Amended Motion to Extend the Deadlines in the Scheduling Order (Doc. 32) is granted *nunc pro tunc* as of September 15, 2015. The Court notes that in Plaintiff's amended motion, Plaintiff did not renew their request from the original motion to extend discovery and dispositive motion deadlines. Accordingly, all remaining deadlines set forth in the Case Management and Scheduling Order (Doc. 20) remain unchanged. Plaintiff is cautioned that the Court may be less lenient in the future if he fails to comply with the Court's orders and deadlines set forth in the Case Management and Scheduling Order. "The Court's deadlines are not suggestions that can be ignored." *Perez v. Garrow*, 2014 WL 4285384 n. 3 (M.D. Fla. 2014).

Also before the Court is Defendant's Motion to Strike Unauthorized Filing. Doc. 35. Defendant moves to strike Plaintiff's Notice of Compliance (Doc. 34), which states that because Plaintiff has disclosed all of his experts, his amended motion is now moot. Defendant states that the notice does not comply with any applicable rule and misstates the law related to Plaintiff's duty to show excusable neglect for the late service of his experts. Doc. 35 at 1. The Court agrees. Additionally, Plaintiff failed to provide any opposition to Defendant's motion. Failure to file a response creates a presumption that the motion is unopposed. *Great American Assur. Co. v. Sanchuk, LLC*, 2012 WL 195526 *3 (M.D. Fla. 2012) (citation omitted). Accordingly, Defendant's Motion to Strike Unauthorized Filing will be granted.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Extend Deadlines in Scheduling Order (Doc. 29) is **DENIED as moot**.

2. Plaintiff's Motion for Leave of Court to File Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion to Extend Deadlines in Scheduling Order (Doc. 31) is **DENIED as moot.**

3. Plaintiff's Amended Motion to Extend Deadlines in the Scheduling Order is **GRANTED** *nunc pro tunc*. Plaintiff's experts are deemed timely served as of September 15, 2015.

4. Defendants shall have up to and including **November 20, 2015** to provide their expert disclosures. The parties have up to and including **December 4, 2015** to

provide rebuttal experts, if any.  All other deadlines and directives set forth in the Case Management and Scheduling Order (Doc. 20) remain unchanged.

     5.    Defendants' Motion to Strike Unauthorized Filing (Doc. 35) is **GRANTED.**  The Clerk is directed to strike Plaintiff's Notice of Compliance (Doc. 34) from the docket.

     **DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of October, 2015.

*[signature]*

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record